IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Michael Fink, | ) |
|        Plaintiff, | ) |
| vs. | ) **ORDER DENYING MOTION FOR** |
| | ) **LEAVE TO FILE UNDER SEAL** |
| BNSF Railway Company, | ) Case No. 1:20-cv-222 |
|        Defendant. | ) |

Before the Court is a unopposed motion for leave to file exhibits under seal filed on April 20, 2023, by BNSF. See Doc. No. 37. BNSF seek permission to file under seal over two hundred pages of exhibits to its anticipated motion for summary judgment. BNSF represents the motion is unopposed. For the reasons set forth below, the motion is denied.

It is well-established that there is a common-law presumption of public access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir. 2023). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant

for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

BNSF provided little in the way of explanation as to why they need to file their exhibits under seal and no analysis of the relevant case law which provides the public with a right of access to court records. Citation to the parties' stipulated protective order (Doc. No. 16), which the Court adopted,

is insufficient to provide a basis to seal exhibits at the summary judgment stage. Nor has BNSF discussed the availability of less restrictive options such as redaction. The Court has been left to sift through over two hundred pages of exhibits in order to decide why it all needs to be sealed. This burden belongs to the moving party, not the Court. See Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1114 (8th Cir. 2004) (judges are not like pigs, hunting for truffles buried in the record). When the Court rules on BNSF's motion for summary judgment it has no intention whatsoever of doing so under seal. In the Court's experience, exhibits can often simply be redacted. Records should rarely be unavailable to the public.

    Public access is the norm. BNSF has not met its burden. This is not an unusual case or one involving highly confidential records, at least insofar as the Court can tell from the limited explanation provided by BNSF. The Court is left to wonder if the parties understand that should the case proceed to trial, the trial would be conducted in a public courtroom. Under these circumstances and with little explanation as to the need for filing any documents under seal, the Court is not inclined to allow the parties to proceed in secret.

    For the reasons set forth above, the motion for leave to file under seal (Doc. No. 37) is **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 21st day of April, 2023.

                                                   */s/ Daniel L. Hovland*
                                                    Daniel L. Hovland, District Judge
                                                    United States District Court